UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AMANDA ANN BURNHAM,

       Plaintiff,

  -vs-

NANCY A. BERRYHILL, Acting
Commissioner of Social
Security[1],

       Defendant.

**14-CV-0235
DECISION AND
ORDER**

## I.   Introduction

Plaintiff Amanda Ann Burnham("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), claiming that the Commissioner of Social Security ("Commissioner" or "defendant") improperly denied her applications for supplemental security income ("SSI") payments and disability insurance benefits ("DIB") under the Social Security Act ("SSA"). Currently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

On August 11, 2016, Magistrate Judge Michael J. Roemer issued a Report and Recommendation (the "R&R") (Docket No. 14) recommending that defendant's motion be granted and plaintiff's motion be denied. As discussed further below, the Court agrees with Judge Roemer's findings and adopts the R&R in its entirety.

---

[1]

Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. Discussion

### A. Standard of Review

When specific objections are made to a magistrate judge's report and recommendation, the district judge makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When only general objections are made to a magistrate judge's report and recommendation, the district judge reviews it for clear error or manifest injustice. *E.g., Brown v. Peters*, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997), *aff'd*, 175 F.3d 1007 (2d Cir. 1999). After conducing the appropriate review, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Procedural Background

Plaintiff's applications for SSI and DIB were filed on April 1, 2011 and alleged disability beginning on March 5, 2011 due to a back disorder, knee injury, depression, and anxiety. Administrative Transcript (hereinafter "T.") 87, 94, 134. Plaintiff's applications were initially denied on May 19, 2011. T. 56, 62. Following a hearing before administrative law judge ("ALJ") Timothy M. McGuan, during which testimony was taken from plaintiff and a vocational expert ("VE"), the ALJ issued an unfavorable finding that plaintiff was not disabled under the SSA on November 30, 2012. T. 14-30.

In his decision, the ALJ found that plaintiff had the severe impairments of broad-based herniation at L4-5 and compromise of the thecal sac, face joint arthropathy, mild stenosis with slight bulging of the L5-S1 disc with minor effacement of the thecal sac and early joint arthropathy, left knee suspicious tear along the posterior horn of the lateral meniscus with a tiny joint effusion, depression, and anxiety. T. 20. The ALJ further found that plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations: the option to sit or stand after one hour and no more than occasional interaction with the public. T. 22. On February 5, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's decision, rendering it the Commissioner's final determination. T. 1-3. The present action ensued.

### C. Plaintiff's Objections to the R&R

In response to the R&R, plaintiff raises three specific objections: (1) Judge Roemer incorrectly found that the ALJ properly developed Plaintiff's testimony; (2) Judge Roemer incorrectly found that the ALJ was not required to advise plaintiff to obtain a more detailed medical opinion; and (3) Judge Roemer incorrectly found that the ALJ's RFC finding adequately accounted for plaintiff's limitations in tolerating stress. For the reasons discussed below, the Court finds that these objections are without merit.

1.  **Development of Plaintiff's Testimony**

Although "[t]he claimant has the general burden of proving that he or she has a disability within the meaning of the Act," "because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks and brackets omitted). The ALJ's duty to develop the record is heightened when, as was the case here, the claimant is proceeding *pro se*. *See Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990). Under such circumstances, an ALJ is required to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," and to "adequately . . . explore the nature and extent of [the claimant's] subjective symptoms." *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982) (internal quotation marks and brackets omitted).

Here, plaintiff contends that the ALJ's questioning of plaintiff was *de minimis*, in that the hearing lasted for only 18 minutes. However, as Judge Roemer found in the R&R, the issue is not how long the hearing lasted, but rather whether the ALJ appropriately questioned plaintiff in order to explore her subjective symptoms and limitations. The Court agrees with Judge Roemer that the ALJ's questioning in this case was adequate and appropriate. As detailed in the R&R, the ALJ questioned plaintiff about her activities of daily living, about the impact of her

-4-

mental impairments on her ability to work and function, about her physical limitations, and about what limitations she felt she had in her ability to work. Plaintiff claims that the ALJ failed to ask her about her medications, but the record shows that the ALJ did in fact ask Plaintiff what medications she took for pain, and that plaintiff testified she took Naproxen, Advil, and Aleve. (T. 39).

Contrary to plaintiff's argument, Judge Roemer did not find that the state of plaintiff's medical records justified a *de minimis* inquiry. Instead, Judge Roemer found that there was nothing in plaintiff's medical records to suggest that the ALJ had overlooked any disabling impairments or limitations. Accordingly, and having reviewed the issue *de novo*, the Court finds no error in the R&R.

**2. Failure to Advise Plaintiff to Seek a New Medical Opinion**

Plaintiff's second objection is that Judge Roemer incorrectly found that the ALJ had no obligation to advise her to seek a new medical opinion after having determined that the opinion of consultative examiner Dr. Nikita Dave ("Dr. Dave") did not establish disability. The Court agrees with Judge Roemer that no such obligation existed.

In *Cruz v. Sullivan*, 912 F.2d 8 (2d Cir. 1990), the Second Circuit held that "when the ALJ rejects the findings of a treating physician because they were conclusory or not supported by specific clinical findings, he should direct a *pro se* claimant to obtain a

more detailed statement from the treating physician." *Id.* at 12. Plaintiff contends that the reasoning in *Cruz* also applies where, as in this case, the ALJ discounts the opinion of a consultative examiner. However, as the R&R correctly held, there is a fundamental difference between the opinion of a treating physician, which is given controlling weight unless unsupported by the evidence, and the opinion of a consultative examiner. The Court is not persuaded that the reasoning of *Cruz* extends to cases in which the opinion at issue did not come from a treating physician.

Plaintiff points out that one of the cases cited in the R&R, *Jackson v. Colvin*, 2016 WL 1085412 (W.D.N.Y. Mar. 21, 2016), was recently reversed by the Second Circuit. *See Jackson v. Berryhill*, 2017 WL 2399459, at *1 (2d Cir. June 2, 2017). However, the Second Circuit's reversal in *Jackson* was based on grounds not present in this case, and the Second Circuit expressly stated that the plaintiff's other arguments (which included the contention that *Cruz* applies to the opinions of consultative examiners) were "without merit." *Id.* at *2. Accordingly, the Second Circuit's opinion in *Jackson* does not support plaintiff's position.

3. **The ALJ's Mental RFC**

Plaintiff's final objection is that Judge Roemer's finding that the ALJ's mental RFC adequately accounted for plaintiff's stress-related limitations was incorrect. Again, the Court disagrees.

Plaintiff underwent a consultative psychiatric examination by Renee Baskin, Ph.D. ("Dr. Baskin"), who opined that plaintiff had "moderate limitations being able to deal with stress." T. 228. Plaintiff argues that the ALJ failed to address this finding in his mental RFC finding, and that this failure warrants remand. However, the Court agrees with Judge Roemer that the ALJ's mental RFC did address plaintiff's stress-related limitations, by limiting her to only occasional contact with the public. As explained in the R&R, the ALJ's mental RFC finding is consistent with both Dr. Baskin's opinion and the opinion of Dr. T. Andrews, the state agency review psychologist. *See Thompson v. Colvin,* 2015 WL 3621532, at *8 (W.D.N.Y. June 9, 2015) (upholding RFC defining "low stress job" as "having only occasional decision-making and occasional direct interaction with the public"); *Obrist v. Colvin*, 2013 WL 3353966, at *6 (N.D.N.Y. July 3, 2013) (ALJ's definition of a "low-stress environment" as "only occasional decision making and occasional interacting appropriately with the co-workers and the public in small groups of five or less" was supported by the medical evidence of record).

For the reasons set forth above, upon its *de novo* review and after careful consideration of plaintiff's objections, the Court accepts Judge Roemer's proposed findings and recommendation and adopts the R&R in its entirety.

**III. Conclusion**

For the reasons set forth above and in the R&R, the undersigned adopts all of Judge Roemer's conclusions. The R&R

(Docket No. 14) is hereby adopted in its entirety. The Commissioner's motion for a judgment on the pleadings (Docket No. 11) is granted, and plaintiff's motion for a judgment on the pleadings (Docket No. 8) is denied. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                   **S/Michael A. Telesca**

                                            _____
                                               MICHAEL A. TELESCA
                                           United States District Judge

Dated:    August 2, 2017
            Rochester, New York